IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RGA ENTERPRISE SERVICES COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-01343-MN |
| LEARNING TECHNOLOGIES GROUP, INC. F/K/A PEOPLEFLUENT, INC., | ) ) ) | |
| Defendant. | ) | |

### SCHEDULING ORDER

This 10th day of January 2022, ~~the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b),~~ *MN* and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date the Court entered this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before February 18, 2022.

1

Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8.

3. <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before September 21, 2022.

(b) <u>Document Production.</u> Document production shall be substantially complete by May 24, 2022.

(c) <u>Requests for Admission.</u> A maximum of 30 requests for admission are permitted for each side.

(d) <u>Interrogatories</u>.

i) A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side.

ii) The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) <u>Depositions</u>.

i) <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination. Each witness may only be deposed one time for a maximum of seven hours, except for good cause shown. The

preceding sentence shall apply even if a witness is noticed in his or her individual capacity and in a representative capacity, such as a deposition noticed pursuant to Rule 30(b)(6).

    ii) <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. In light of the ongoing COVID pandemic and unless further stipulated by the parties, the parties agree to conduct all depositions via a secure, web-based remote videoconferencing platform.

  (f) <u>Disclosure of Expert Testimony</u>.

    i) <u>Expert Reports.</u> Each party shall submit their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before July 11, 2022 (the "Initial Reports"). The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party in the Initial Reports is due on or before August 17, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii) <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

     iii) <u>Expert Discovery Cut Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before September 21, 2022.

    (g) Discovery Matters and Disputes Relating to Protective Orders.

     i) Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

     ii) Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

     iii) On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

     iv) The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

     v) Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  8. <u>Motions to Amend / Motions to Strike</u>.

(a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

(b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

9. <u>Case Dispositive Motions</u>.

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 21, 2022 [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate

that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12.     <u>Pretrial Conference.</u>   On March 20, 2023, the Court will hold a pretrial conference in Court with counsel beginning at 4:30 p.m.  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.  The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

13.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

14.     <u>Trial.</u>  This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on March 27, 2023, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| All Parties to Serve Initial Disclosures | 14 days after entry of initial scheduling order |
| Deadline for Joinder of Parties and Amendment of Pleadings | February 18, 2022 |
| Deadline to File Application for Protective Order | 21 days after entry of initial scheduling order |
| Fact Discovery End Date | September 21, 2022 |
| Document Production Substantial Completion | May 24, 2022 |
| Initial Expert Reports | July 11, 2022 |
| Supplemental and Rebuttal Expert Reports | August 17, 2022 |
| Expert Discovery End Date | September 21, 2022 |
| Dispositive Motion Deadline | October 21, 2022 |
| Deadline to File Joint Proposed Final Pretrial Order | March 13, 2023 |
| Pretrial Conference | March 20, 2023 at 4:30 p.m. |
| Trial Start Date | March 27, 2023 (5-day jury) |