**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RGA ENTERPRISE SERVICES COMPANY, | |
| Plaintiff, | |
| v. | C.A. No. 21-1343-MN-JLH |
| LEARNING TECHNOLOGIES GROUP INC. F/K/A PEOPLEFLUENT, INC., | |
| Defendant. | |

**REPORT AND RECOMMENDATION
<u>AND ORDER</u>**

1.    Pending before the Court is the parties' Motion for Teleconference to Resolve Discovery and Scheduling Disputes. (D.I. 51.) I have reviewed the parties' accompanying letters and exhibits. (D.I. 53, 54, 55, 56.)

2.    I HEREBY RECOMMEND that Plaintiff's request for leave to amend the complaint be DENIED.

   a.    The Court's Scheduling Order set a February 18, 2022 deadline to amend the pleadings and a September 21, 2022 deadline to complete fact discovery. (D.I. 16.) The fact discovery deadline was subsequently extended multiple times—most recently to October 14, 2022—but the deadline to amend the pleadings never changed. (D.I. 24, 29, 45.) On October 14, 2022, Plaintiff requested leave to amend the complaint to add additional factual allegations and a claim for fraudulent inducement.

   b.    Plaintiff has not shown good cause to amend the complaint after the deadline set forth in the scheduling order. Plaintiff contends that it did not discover the facts supporting its claim for fraudulent inducement until Defendant produced certain documents in mid-August 2022. Even if that were true, Plaintiff does not explain why it

1

then waited until October 14, 2022—the same day as the fact discovery deadline—to request leave to amend the complaint.[1]  Plaintiff's request can and should be denied for this reason alone.

        c.      Plaintiff's request for leave to amend can and should be denied for the additional reason that it fails to state a claim of fraudulent inducement, as it fails to adequately set forth the who, what, when, where, and how of the alleged fraud.  Among other problems, the proposed amended complaint fails to sufficiently allege what particular representations were made, the person who made them (by name or otherwise), and when they were made.

3.      I HEREBY ORDER that Plaintiff's concurrent request to extend all of the case deadlines by 90 days is DENIED.  As of September 23, 2022, the parties thought they could complete fact discovery by October 14, 2022.  (D.I. 44 (September 23, 2022 stipulation to extend fact discovery to October 14, 2022)).)  Plaintiff provides no good explanation as to why it didn't realize until October 14, 2022—the same day as the fact discovery deadline—that it needed an additional three months.

4.      I HEREBY ORDER that Defendant's request to compel Plaintiff's witnesses for deposition is GRANTED.

        a.      Defendant's requests for deposition (D.I. 46, 47, 48, 49) were timely noticed such that they could have been completed prior to the October 14, 2022 discovery deadline.  Defendant even offered to work with Plaintiff regarding deposition scheduling.  Plaintiff nonetheless told Defendant that Plaintiff's witnesses would not be appearing on the

---

[1] According to Defendant, Plaintiff told Defendant for the first time on October 7, 2022 that it would seek leave to amend the complaint.

requested dates, and Plaintiff failed to provide new dates before (or even after) the discovery deadline. Defendant timely moved for relief from the Court before the discovery deadline, and Plaintiff has provided no reason why its witnesses could not appear as requested.

      b.      Plaintiff shall produce its witnesses for deposition on or before November 8, 2022. Defendant's deadline to file a summary judgment motion is extended to November 22, 2022. Plaintiff's response shall be due December 1, 2022, and Defendant's reply shall be due December 8, 2022. All other scheduling order deadlines remain in force. To be clear: the October 14, 2022 fact discovery deadline stands except for the four depositions noticed by Defendant prior to the deadline.

      c.      Plaintiff shall pay Defendant its reasonable expenses incurred in making its motion to compel, including attorney's fees. Any disputes about the reasonableness of the fees requested shall be raised in accordance with my discovery dispute procedures. Defendant's request for attorney's fees incurred in preparing for the depositions of Plaintiff's witnesses is denied.

5.      The discovery dispute conference scheduled for October 27, 2022 is CANCELLED.

Dated: October 25, 2022

                                                                 Jennifer L. Hall
                                                                 United States Magistrate Judge